# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ASHLEY IMMING,

      Plaintiff,

v.                                  No. 2:25-cv-411-JHR-KRS

OSVALDO DE LA VEGA; MESILLA CAPITAL
INVESTMENTS, LLC; KIDNEY WELLNESS
CENTER, LLC; KIDNEY WELLNESS CENTER, L.C;
and KIDNEY WELLNESS CENTER LC,

      Defendants.

## <u>INITIAL SCHEDULING ORDER</u>

This case is before the Court for scheduling, case management, discovery, and other non-dispositive matters. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court, will apply to this lawsuit.

The parties, appearing through counsel or *pro se*, shall "meet and confer" no later than **<u>September 29, 2025</u>** to formulate a provisional discovery plan. *See* Fed. R. Civ. P. 26(f). **As part of this process, the parties are reminded that Federal Rule of Civil Procedure 26(f) requires them to exchange views on the "disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced." The parties have an attendant duty to preserve all electronically stored information that may be discoverable in this case.**

The time allowed for discovery is generally 120 to 180 days. The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan* ("JSR")[1] that follows the sample

---

[1] If, due to a party's pro se status, any party encounters an issue that prevents them from filing a joint report, the parties are directed to file separate reports by the deadline, which, in addition to

available on the Court's website.[2] The blanks for suggested/proposed dates in the JSR are to be filled in by the parties. **If any party anticipates the use of one or more retained expert witness, the parties shall provide the following <u>additional</u> information in the JSR:**

> (a)    **A specific date for the completion of fact discovery that precedes the deadline by which any party must serve an expert report.**
>
> (b)    **Specific dates for the commencement and conclusion of expert discovery.**
>
> (c)    **If sequential ordering of fact and expert discovery is opposed, the specific reason for the opposition.**

Actual dates will be promulgated by order of the Court to be entered after the Rule 16 conference scheduled pursuant to this order. Plaintiff, or Defendant in cases removed from state court, or the represented party in cases where the opposing party is *pro se*, is responsible for filing the JSR. The JSR should be filed by **<u>October 6, 2025</u>**.

**Initial disclosures by a party pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be made within fourteen (14) days after the meet-and-confer session.**

A telephonic Rule 16 scheduling conference will be conducted on **<u>October 15, 2025 at 10:30 a.m.</u>** (Mountain Time). Counsel and any *pro se* party shall call the Court's WebEx teleconference line at **(855) 244-8681** and enter **Meeting Number 2300 989 9447#** to be connected to the telephonic Rule 16 scheduling conference. Parties represented by counsel may but are not required to attend the telephonic scheduling conference. At the Rule 16 scheduling conference,

---

the required contents as set forth above, explains why they were prevented from filing a joint report.

[2] Pursuant to Administrative Order No. 06-173, the JSR replaces and supersedes the Provisional Discovery Plan and the Initial Pretrial Report, effective January 2, 2007. The standardized *Joint Status Report and Provisional Discovery Plan* is available at www.nmd.uscourts.gov/forms from the drop-down menu.

counsel and *pro se* parties should be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence, whether a *Daubert*[3] hearing is necessary, initial disclosures, the time of expert disclosures and reports under Federal Rule of Civil Procedure 26(a)(2), and sequencing of fact and expert discovery. The Court, counsel, and *pro se* parties will also discuss settlement prospects and alternative dispute resolution possibilities. In addition, the scheduling conference participants will address consideration of consent by the parties to a United States Magistrate Judge presiding over dispositive proceedings, including motions and trial, pursuant to 28 U.S.C. § 636(c).

If service on all parties is not complete, Plaintiffs, whether appearing through counsel or *pro se*, are responsible for notifying all parties of the contents of this order.

Good cause must be shown, and the express written approval obtained from the Court, for any modifications of the dates in the scheduling order that issues from the JSR.

Pretrial practice in this case shall be in accordance with the above.

**IT IS SO ORDERED** this 26th day of August, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).