IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ASHLEY IMMING,

    Plaintiff,

v.   No. 2:25-cv-411-KWR-KRS

OSVALDO DE LA VEGA; MESILLA CAPITAL
INVESTMENTS, LLC; KIDNEY WELLNESS
CENTER, LLC; KIDNEY WELLNESS CENTER, L.C.;
and KIDNEY WELLNESS CENTER LC,

    Defendants.

## ORDER DENYING [29] MOTION TO STAY DISCOVERY

THIS MATTER is before the Court on Defendants' Motion To Stay Discovery Pending Defendants' Motion to Dismiss, And On The Basis Of Concurrent Proceedings, And For Protective Order As To Plaintiff's Discovery ("Motion") (Doc. 29), filed November 17, 2025. Plaintiff filed a response opposing the Motion on November 19, 2025, and Defendants filed a reply on November 26, 2025. (Docs. 30 and 32). The Court held a hearing on the Motion on December 10, 2025. Having considered the parties' briefing and oral arguments, the record of the case, and the relevant law, the Court denies the Motion.

### Background

Plaintiff Ashley Imming sued Defendant Osvaldo De La Vega and his company, Southwest Health Services, P.A., in New Mexico state court, alleging various claims for workplace sexual harassment, gender discrimination, and violations of the New Mexico Human Rights Act ("NMHRA"). A jury returned a verdict for Plaintiff on her hostile work environment claim and awarded $250,000 in damages, to which the state trial court added attorney fees and costs of more than twice that amount, for a total judgment of $867,971.07. *See* (Doc. 32 at 3); *Imming v. De La*

*Vega*, No. A-1-CA-39116, 2023 WL 1434061, at *9 (N.M. Ct. App. Feb. 1, 2023), *cert. denied*, 2023-NMCERT-008, ¶ 41, 547 P.3d 98.

Following the state court verdict, Plaintiff filed several actions against Mr. De La Vega and his various companies in efforts to recover on the state court judgment, this action among them. Another such action is pending in state court in Texas, while a third—*Imming v. De La Vega*, No. 2:23-cv-378-GJF-DLM (D.N.M., filed May 3, 2023)—has been pending before Judge Fouratt for the past two years. In the case before Judge Fouratt, Plaintiff sought to pierce the corporate veil between Mr. De La Vega and two other companies—Mesilla Capital Investments, LLC ("MCI") and Mesilla Capital Investments De Mexico, S. DE. R.L. ("MCI-MX")—as well as to have the sale of Mr. De La Vega's former medical practice, Southwest Health, declared void under New Mexico's Uniform Voidable Transfer Act. *See id.,* Dkt. # 116, Amended Complaint (June 25, 2024). After a bench trial on March 24-25, 2025, Judge Fouratt ruled in Plaintiff's favor on her claims for piercing MCI's veil; voiding the $1.2 million transfer to MCI and MCI-MX of the proceeds from Southwest Health's asset sale; and voiding Mr. De La Vega's transfers of four personally-held real properties to MCI-MX. *See Imming v. De La Vega*, No. CV 23-378 GJF/DLM, 2025 WL 2731023, at *10–29 (D.N.M. Sept. 24, 2025). Judge Fouratt also found that Plaintiff is entitled to recover attorney fees in an amount to be determined. *See id.* at *29-31. Currently pending in that action is a sale of corporate real property, which had been identified by Mr. De La Vega to satisfy the state court judgment, and which Judge Fouratt approved provided the sale would close no later than December 31, 2025, and the net sale proceeds would be deposited into the Court's Registry. *See Imming, supra,* Dkt. # 281, Stipulated Order Authorizing Sale of 3875 Foothills Road, Las Cruces, NM (Dec. 3, 2025).

**Discussion**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26, however, allows the Court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding disclosure or discovery. FED. R. CIV. P. 26(c)(1)(A). The moving party bears the burden of demonstrating good cause for the requested protective order. *Benavidez v. Sandia Nat'l Laboratories*, 319 F.R.D. 696, 721 (D.N.M. 2017). The decision to issue a protective order and stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). In exercising its discretion, the Court considers such factors as: "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (quotation marks and brackets omitted). In this case, the Court finds that Plaintiff's interests in proceeding expeditiously with this case and the potential prejudice to Plaintiff of a delay outweighs any burden on Defendants of proceeding with discovery.[1]

---

[1] Although the Court declines to resolve the parties' dispute over whether Defendants complied with their duty under D.N.M. LR-Civ. 7.1(a) to confer with opposing counsel before filing the motion, *see* (Doc. 29 at 1-2; Doc. 32 at 1), the Court cautions the parties, as Judge Fouratt did in the related case, that they should make reasonable and good faith efforts to fully comply. *See, e.g., Imming v. De La Vega*, No. CV 23-378 GJF/DLM, 2023 WL 8650372, at *5 (D.N.M. Dec. 14, 2023) ("Although the Court does not condone the practice of assuming non-concurrence, even in the context of a motion to dismiss, there is as a practical matter no question that the issues in Defendants' Motion are hotly contested. Defense counsel would do well to remember in the future that failure to comply with Local Rule 7.1(a) risks the requested relief being summarily denied."); *Imming v. De La Vega*, No. CV 23-378 GJF/DLM, 2025 WL 722342, at *10 (D.N.M. Mar. 6, 2025) ("issu[ing] a second warning to Defendants and their counsel to heed Local Rule 7.1(a), even with respect to dispositive motions").

A.      **Pending Motion to Dismiss**

Generally speaking, a stay may be justified by a pending motion to dismiss where "the case is likely to be finally concluded as a result of a ruling on [the motion to dismiss]; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Valtierra v. Nyamsuren*, No. CV 24-899 DHU/JFR, 2025 WL 754169, at *3 (D.N.M. Mar. 10, 2025) (quoting *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994)). In order to evaluate these factors, the court typically will "take a 'preliminary peek' at the underlying motion to dismiss …[,] … not … to predict the outcome of the motion, but rather to evaluate whether a stay is consistent with the goal of the Federal Rules of Civil Procedure of securing a just, speedy and inexpensive determination of the case." *Davis v. Nevada*, No. 3:13-CV-00559-MMD, 2014 WL 1308347, at *2 (D. Nev. Mar. 31, 2014) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011)). Without prejudging how the presiding judge might rule on the pending motion to dismiss, the Court concludes that Judge Fouratt's well-reasoned opinion denying a similar motion to dismiss in the related case[2] raises serious questions regarding the likelihood that the current motion to dismiss will be granted.

Furthermore, Judge Fouratt made the following finding in the related action:

> [De La Vega made] efforts before and after the trial of the state case and before the trial of *this* case to do whatever possible to complicate, frustrate, and stymie Plaintiff's ability to collect on any judgment she obtained against [De La Vega] or Southwest Health. The Court finds that, in furtherance of that endeavor, [De La Vega] took at least the following steps: (a) liquidated personally owned assets (including artwork, vehicles, aircraft, watercraft, and a stock portfolio) in a largely undocumented way so as to leave no paper trail; (b) liquidated the assets of the medical practice he had owned and operated for 25 years only to launch a virtually identical practice

---

[2] *See Imming,* 2023 WL 8650372.

> in the same building serving the same patient base with some of the same employees well before his covenant not to compete expired; (c) knowingly provided false information to a Texas state court to the effect that a residential dwelling in El Paso (5717 Green Castle Rd.) that he knew he owned personally was instead owned by MCI; (d) fraudulently invoked a Texas homestead exemption for the same dwelling even though he knew it was not his primary residence; (e) sought bankruptcy protection for Southwest Health for the primary purpose of delaying the resolution of Plaintiff's multiple cases then pending against him; (f) just eight months before the trial of the state case that featured the possibility of an uncapped damages verdict against him, [De La Vega] formed a Mexican business entity to serve as a limited liability holding company into which he transferred properties with a combined value of more than $21 million that theretofore he had owned in his personal capacity; (g) restructured his financial life that had featured a personal net worth in the tens of millions before the state court trial but which he now insisted was in the few thousands after the trial; (h) knowingly provided false discovery answers to the effect that his two adult sons each owned 1% of MCI, despite his knowledge that his sons had immediately rejected his offered gifts of percentage ownership; and (i) reconfigured his financial life to minimize to the greatest extent possible any personal income (other than Social Security payments of $3,548/month, which began eight months before the trial of this case) and any personally owned assets.
>
> The Court finds that there is no single, coherent explanation that supplies the connective tissue for this constellation of circumstances other than that they were the components of a purposeful and systematic effort by [De La Vega] to protect himself and his former medical practice from an adverse judgment in Plaintiff's state case against them. No other explanation—including that offered by [De La Vega] during his trial testimony—squares with this Court's common sense or life experience.

*Imming,* 2025 WL 2731023, at *7-8 (emphasis in original) (footnotes omitted).

In light of these findings, the Court concludes that the prejudice Plaintiff would likely suffer if discovery were to be stayed and the motion to dismiss is later denied, exceeds the costs Defendants will incur if discovery is not stayed and the motion to dismiss is later granted. Mr. De La Vega's actions over the last almost six years, as determined by Judge Fouratt in the related action, strongly support Plaintiff's argument that she should be allowed to pursue her available

5

legal remedies towards collection without delay. The parties have already agreed to numerous discovery deadlines, and the Court has entered a Scheduling Order setting deadlines in this case. Staying the case for any amount of time would prejudice Plaintiff if the motion to dismiss is later denied, as it will result in either: (1) significant truncation of time in which she can conduct discovery if the Scheduling Order is not altered; or, (2) significant delay of the case if the Scheduling Order is reset once the stay is lifted.

### B. Pending Related Actions

Defendants argue they will be prejudiced by duplicative discovery in this case, but they fail to support that assertion by demonstrating that the discovery requests in this case in fact are duplicative of discovery in any other collection action filed by Plaintiff. Moreover, logically, it is not likely that discovery in this case would duplicate discovery in the pending case before Judge Fouratt, as the present case relates to a different corporate entity than the defendants named in the case before Judge Fouratt. While there is some overlap in parties, this case is essentially a collection action against Mr. De La Vega's current medical practice, Kidney Wellness Center, which is not a named defendant in the related case. And the primary legal issue on which discovery is needed in this case—whether Plaintiff can pierce Kidney Wellness Center's corporate veil—was never before Judge Fouratt in the related federal case.

The Court also rejects Defendants' argument that "any relief requested in the present case is already assured by the relief and remedies already decided by Judge Fouratt." (Doc. 29 at 2). This suggestion that Plaintiff's collection efforts in the related federal case will ultimately moot the present collection action (presumably as a result of the state court judgment having been satisfied) is speculative at best. This case will not be moot until both the state court judgment *and* the anticipated judgment in the related case are satisfied. The amount of the state court judgment

apparently has climbed to approximately $1.7 million as a result of collections costs and accrued interest, with approximately $360.00 in interest continuing to accrue on a daily basis.[3] And while the amount of the anticipated judgment in the related action before Judge Fouratt will reflect that state court judgment, it will also include an additional amount for attorney fees incurred in that case. Defendants have offered no evidence to support a finding that the anticipated sale of real property in the related action will result in sufficient funds being available to pay these amounts. Nor does the Court think it proper to put a temporary halt to Plaintiff's collection efforts in these proceedings while waiting to find out whether the sale of property in the related case actually goes through *and* ultimately results in a total satisfaction of amounts owed by Defendants to Plaintiff.

## Conclusion

For the foregoing reasons, Defendants' Motion To Stay Discovery Pending Defendants' Motion to Dismiss, And On The Basis Of Concurrent Proceedings, And For Protective Order As To Plaintiff's Discovery **(Doc. 29)** is denied.

**IT IS SO ORDERED, this 11th day of December, 2025**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

[3] *See Imming v. De La Vega, supra*, Dkt. # 282, Clerk's Minutes (Dec. 3, 2025).